United States District Court
Southern District of Texas
**ENTERED**
June 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § | CRIMINAL ACTION NO 4:23-CR-0028-02 |
| Plaintiff, | | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| CRISTIAN FLORES, Defendant. | § § § | |

## ORDER

Defendant Cristian Flores is under indictment for (i) aiding and abetting carjacking, in violation of 18 USC §§ 2119 and (2); and (ii) aiding and abetting brandishing of a firearm during and in relation to a crime of violence, in violation of 18 USC §§ 924(c)(1)(A)(ii) and (c)(2). Dkt 1. He moves to dismiss the indictment upon argument that that Section 8 of Article 1 the Constitution doesn't give the federal government authority to regulate localized highway robbery. Dkt 25 at 8.

Defendant brings to bear certain historical arguments as to the original meaning of various provisions of the United States Constitution. He does so with reference to recent Supreme Court guidance in the context of the Second Amendment in *NY State Rifle & Pistol Association Inc v Bruen*, 142 S Ct 2111 (2022). He argues that a statute that addresses a "general societal problem that has persisted since the 18th century" may be unconstitutional when there is evidence of "the lack of a distinctly similar historical regulation addressing that problem," or "earlier generations address[ing] the societal problem, but d[oing] so through materially different means." Dkt 25 at 7–8, quoting *Bruen*, 142 S Ct at 2131. He contends that the

carjacking statute may be "found to be in friction" with the Commerce Clause under this logic. Id at 8. He suggests that Fifth Circuit precedent upholding the carjacking statute as a valid exercise of power under the Commerce Clause is now incorrect. Id at 7, citing *United States v Harris*, 25 F3d 1275 (5th Cir 1994), and *United States v Colemen*, 78 F3d 154, 160 (5th Cir 1996). And he argues, "Reconsideration of *Harris* is appropriate." Ibid.

The Government responds that the indictment shouldn't be dismissed for the very reason that the Fifth Circuit has upheld the carjacking statute in *Harris* and *Coleman*. Dkt 32 at 2–3. It also notes that the Fifth Circuit in *Coleman* rejected a challenge to the carjacking statute after the decision by the Supreme Court in *United States v Lopez*, 514 US 549 (1995).

Current Fifth Circuit precedent holds that the carjacking statute is constitutional. Indeed, it stated in *Coleman*, "We are content with our pre-*Lopez* decision in *United States v Harris*, 25 F3d 1275 (5th Cir 1994), where we upheld § 2119 and stated: 'Because of the obvious effect that carjackings have on interstate commerce, we hold that the carjacking statute is a valid exercise of Congress's Commerce Clause powers.'" 78 F3d at 160, citing *Harris*, 25 F3d at 1280.

No argument by Defendant calls this into question. Reference to *Bruen* appears inapposite as presented. What that case portends as to the Second Amendment is different than what is at issue here, statutorily, with respect to congressional power under the Commerce Clause. For the charged crime isn't the *having* of the firearm, but rather, the *using* of it to further a crime that the Fifth Circuit is content to say meets any necessary nexus to the Commerce Clause. In any event, it isn't the domain of a District Court to "reconsider" precedent of the Fifth Circuit, as invited by Defendant.

The motion to dismiss is DENIED.

SO ORDERED.

Signed on June 14, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge